```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION


Setna IO, LLC, and Illinois    )
Limited Liability Company      )
                               )
          Plaintiff,           )
                               )
                               )
                               )
     v.                        )  No. 25 CV 9738
                               )
                               )
Greenwood Motor Lines, Inc.,   )
d/b/a R+L Carriers, a South    )
Carolina Corporation,          )
                               )
          Defendant.           )
```

Memorandum Opinion and Order

In this action arising under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, plaintiff Setna, a supplier of aftermarket airplane parts, seeks damages against defendant R+L for damage it claims R+L caused to cargo Setna hired it to transport from California to Illinois, as well as a declaration that Setna has no obligation to pay certain charges R+L claims are due under the parties' contract. These issues are currently being litigated in a state law breach-of-contract action that R+L filed against Setna in the Southern District of Ohio. R+L moves to dismiss this action for lack of personal jurisdiction, or in the alternative, to transfer the case to the Southern District

of Ohio or to stay the action pending the outcome of the Ohio case. For the reasons that follow, I deny the motion.

The facts are straightforward and generally undisputed: Setna is an Illinois LLC with a principal place of business in Illinois. R+L is a South Carolina corporation headquartered in Ohio whose transportation services are subject to the Carmack Amendment. Setna hired R+L to transport an airplane part called a "Radome" from Santa Clara, California to Lincolnshire, Illinois. On or around February 5, 2025, R+L accepted the Radome in good condition; but when it delivered the part on February 14, 2025, Setna discovered that several components of the Radome were damaged and unfit for commercial use. Nevertheless, R+L charged Setna full price for its transportation services and refused to reimburse Setna for the value of the damaged cargo, which Setna claims is $162,203.

At the time of these events, R+L had transported other aircraft parts for Setna and invoiced Setna a total of $45,790.44 for its services, including the Radome shipment. Setna withheld payment on these invoices pending resolution of the parties' dispute over damage to the Radome. As a result, R+L notified Setna that it was revoking the putative "discounts" these invoices reflected and charged Setna an additional $382,633.95, or more than eight times the original cost.

R+L first argues that Setna's complaint must be dismissed for lack of personal jurisdiction, but Setna easily clears the hurdle of making "a prima facie showing of jurisdictional facts" necessary for specific personal jurisdiction.[1] *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Here, the issue is governed by Illinois law, which "permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause," and the analysis boils down to whether Setna's allegations, taken as true, suggest (1) that R+L purposefully directed its activities at Illinois or purposefully availed itself of the privilege of conducting business in the state; and (2) that Setna's alleged injury arises out of R+L's forum-related activities. *Id*. at 700, 702 (7th Cir. 2010). Having contracted with Setna, an Illinois entity, to carry freight that it would deliver to the Illinois address that Setna provided, R+L cannot be surprised to find itself answerable in Illinois to a claim that it damaged the cargo Setna hired it to transport. R+L stood ready to do business with Illinois customers; it entered into contracts with an Illinois entity to perform services partially in Illinois; and it physically entered

---

[1] I agree that neither the facts Setna alleges nor the authorities it cites suggest that general personal jurisdiction is appropriate in this case. *See, e.g., Kipp v. Ski Enter. Corp. of Wisc.*, 783 F.3d 695, 697-698 (7th Cir. 2015) (affirming dismissal for lack of general personal jurisdiction); *Sportsman v. California Overland, Ltd.*, 262 F. Supp. 3d 587, 591 (N.D. Ill. 2017) (dismissing for lack of general personal jurisdiction).

Illinois in the course of performing its contractual obligations. Nothing about filing a suit in an Illinois venue to challenge R+L's performance of those obligations offends the "traditional conception of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 320 (1945).

    R+L's alternative request to transfer venue to the Southern District of Ohio requires a more nuanced analysis. R+L's lead argument in this connection is that the parties agreed through the forum selection clause contained in R+L's published Rule Tariffs to litigate any disputes arising out of their contract in Ohio. Setna resists this argument on the ground that it never agreed to the forum selection clause, which was not properly incorporated into the Bill of Lading defining the parties' agreement but was buried within R+L's website on a page to which Setna was never directed in the course of forming that agreement. Setna observes that the voluminous Rules Tariffs—including the forum selection clause—are not hyperlinked to the Bill of Lading and explains that to locate the forum selection clause, a customer must: 1) leave the four corners of the Bill of Lading; 2) search for and locate R+L's website; 3) navigate away from R+L's main landing page to a different page; 4) select a hyperlink to the website's "resources" page; 5) locate and select the hyperlink to the "Rules and

4

Tariffs"; and 6) locate the forum-selection clause within pages of transportation law language. Exh. C to Pl's Opp., ECF 17-3 at 4.[2]

The parties train their arguments on whether the forum selection clause within the Rules Tariffs available on R+L's website was effectively incorporated into their agreement. R+L points to "the extensive body of case law holding that freight carriers like R+L can bind shippers to published Rules Tariffs, even if the tariff is incorporated via another document or publication." Reply, ECF 18 at 6-7 (citing cases). For its part, Setna relies on the general principle that terms not expressly included in a contract—either on the face of the agreement or through incorporation of extraneous materials to which the signatories are directed—are not enforceable. Opp., ECF 17 at 10 (citing cases).

What neither side addresses, however, is how the Carmack Amendment's venue provisions bear on the analysis. As another court in this district has observed, courts around the country "have held that § 14706(d) is a special venue provision that precludes enforcement of a forum selection clause." *Dabecca Nat. Foods, Inc.*

---

[2] In the complaint R+L filed in the Southern District of Ohio, which it attaches to its motion to dismiss, R+L alleges that "the full Rules Tariffs in effect on the date of each shipment are too voluminous to attach to this Complaint," Mot., Exh. A, ECF 13-1 at 3, lending credence to plaintiff's argument that it cannot be deemed to have agreed to the forum selection clause embedded in the Rules Tariffs.

*v. RD Trucking, LLC*, No. 14 C 6100, 2015 WL 2444505, at *6 (N.D. Ill. May 20, 2015) (Gottschall, J.) (citing, *inter alia*, *Smallwood v. Allied Van Lines, Inc.,* 660 F.3d 1115, 1121–22 & n. 7 (9th Cir. 2011)) (Carmack Amendment's venue provisions "assure the shipper a choice of forums as plaintiff" and "preclude enforcement of forum-selection agreements as to claims against both rail and motor carriers"); *Kyodo U.S.A., Inc. v. Cosco North Am. Inc.,* No. 01-CV-499, 2001 WL 1835158, at *3 (C.D. Cal. July 23, 2001) ("The Carmack Amendment codifies the right of the shipper to sue the carrier in a convenient forum of the shipper's choice. ... Thus, the Carmack Amendment essentially prohibits enforcement of forum selection clauses and provides that suit may be brought against a carrier in a forum convenient to the shipper.") (cleaned up). *See also Michigan Custom Machines, Inc. v. AIT Worldwide Logistics, Inc.*, 531 F. Supp. 3d 1208, 1212 (E.D. Mich. 2021) (Carmack Amendment "limits the parties' ability to choose the venue of their suit.") (quoting *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 98 (2010)); *Icon Health & Fitness, Inc. v. NVC Logistics Grp., Inc.*, No. 116CV00167JNPEJF, 2017 WL 2656112, at *3 (D. Utah June 20, 2017) ("the Carmack Amendment preempts contractual forum selection clauses[.]").

It is true that contracting parties can elect to waive the protections of the Carmack Amendment, including its venue provision. *See* 49 U.S.C.A. § 14101 ("[i]f the shipper and carrier,

6

in writing, expressly waive any or all rights and remedies under this part for the transportation covered by the contract, the transportation provided under the contract shall not be subject to the waived rights and remedies[.]"). But courts have held that such a waiver is effective "when it expressly appears on the face of the contract provision in question," and have "refused to imply waivers of the Carmack Amendment from contract provisions that were not express waivers." *Aviva Trucking Special Lines v. Ashe*, 400 F. Supp. 3d 76, 79-80 (S.D.N.Y. 2019) (citing cases). *See also Michigan Custom Machines,* 531 F. Supp. 3d at 1214 (E.D. Mich. 2021) ("to 'expressly waive' the Carmack Amendment, parties must expressly reference the Amendment in some way, by name, citation, or some other means"). The *Michigan Custom Machines* court declined to enforce a forum selection clause, which did not expressly waive the Carmack Amendment's venue provision. Nothing in the parties' submissions suggests any reason to depart from the conclusion of the *Michigan Custom Machines* court or the decisions cited above that align with its reasoning.[3] Accordingly, even assuming that

---

[3] I am mindful that in *Atain Ins. Co. v. Swick Logistics, LLC*, No. 24-CV-00339, 2024 WL 4213279, at *2-*3 (N.D. Ill. Sept. 17, 2024) (Coleman, J.), the court held that the Carmack Amendment's venue provision is "permissive" rather than "restrictive," following the reasoning of *Starr Indem. & Liab. Co. v. Luckey Logistics, Inc.*, No. 116CV01377JBMJEH, 2017 WL 2466505, at *3 (C.D. Ill. June 7, 2017). But *Starr* concerned whether the shipper's chosen venue was proper under "the more expansive provisions of the general venue statutes." *Id*. Its interpretation of the Carmack Amendment's venue provisions thus aligned with the statute's broader purpose of

7

Setna assented to the forum selection clause to which R+L points, that provision does not amount to a waiver of the Carmack Amendment's venue provisions.

R+L's final argument is that the so-called "first-to-file" rule warrants dismissing, staying, or transferring this case to the Southern District of Ohio. That rule reflects courts' "inherent power to administer their dockets so as to conserve scarce judicial resources" and grants courts "an ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (internal quotation marks and citation omitted). I decline to exercise that discretion here, as I am not persuaded that doing so serves the interest of justice. First, the only basis R+L asserts for the Ohio court's exercise of personal jurisdiction over Setna is Setna's putative consent to jurisdiction in the forum selection clause discussed above. For the reasons just explained, however,

---

guaranteeing shippers "the right ... to sue the carrier in a convenient forum of the shipper's choice." *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1121 (9th Cir. 2011). Because *Starr* did not involve a forum selection clause, the court had no reason to consider whether the statute's venue provisions precluded the enforcement of such a clause. And while *Atain* did involve a forum selection clause, it did not address the Supreme Court's observation in *Kawasaki Kisen Kaisha* that the Carmack Amendment "limits the parties' ability to choose the venue of their suit." 561 U.S. 89, 98. For these reasons, I find the *Dabecca* court's construction more compelling.

8

that clause is unenforceable. By contrast, as explained further above, I may properly assert personal jurisdiction over R+L. Second, to the extent R+L invokes the first-to-file rule as a reason to transfer the action pursuant to 28 U.S.C. § 1404(a), it must show among other things that venue is proper in the Southern District of Ohio. *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 834 (N.D. Ill. 2004) ("[w]here a party moves to transfer venue pursuant to section 1404(a), the burden is on the movant to establish that venue is proper in the transferee court.") This requires R+L to demonstrate that "a 'substantial part' of the events or omissions giving rise to the claim occurred within the forum district." *Id*. Nothing in the parties' submissions suggests that that is the case. Finally, both cases are at the pleadings stage, and staying the present action will likely delay resolution of Setna's claims unnecessarily.

For the foregoing reasons, I deny R+L's motion to dismiss the complaint or to stay or transfer these proceedings to the Southern District of Ohio.

**ENTER ORDER:**

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: February 9, 2026